UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 08-91-HRW

IN RE: JAMES H. TAYLOR MINING COMPANY,
Debtor.

JAMES H. TAYLOR MINING COMPANY, INC.,            APPELLANT

v.          **MEMORANDUM OPINION AND ORDER**

THE TIERNEY CORPORATION,                          APPELLEE.

This mater is before the Court upon James H. Taylor Mining, Inc.'s (hereinafter "JH Taylor") Appeal from certain orders entered by the Bankruptcy Court, Judge Joseph M. Scott presiding, specifically, an Order vacating an order allowing the Debtor-In-Possession (hereinafter "DIP") to assume a coal sub-lease with Moses Lowe [Bankruptcy Docket No. 290] dated May 5, 2008 and an Order overruling a Motion to Reconsider in that regard [Bankruptcy Docket No. 300] dated May 21, 2008.

The matter has been fully briefed by the parties [Docket Nos. 7, 10, 13 and 14[1]]. The Court, having reviewed the record and being otherwise sufficiently advised, hereby affirms the decision of the Bankruptcy Court.

I.      **BACKGROUND**

This case arises from a lease executed by The Tierney Corporation (hereinafter "Tierney") with Moses Lowe with regard to mineral rights to certain property on Coburn Branch in Pike County, Kentucky (hereinafter "the Lease"). The Lease, executed on September 25, 1997, pertained to the deep mining of the Lower Cedar Grove seam. Article IV of he Lease requires that Moses Lowe pay Tierney a non-refundable royalty of $35,000 per year [Bankruptcy Docket No. 183, Attachment A].

On February 8, 1999, Moses Lowe and JH Taylor entered in a sublease agreement for the mining of the coal on the subject land. Paragraph 1 of the sublease agreement requires that JH Taylor is to maintain strict compliance with the terms and conditions set forth in the Lease. Based upon the record, Tierney was not provided with the sublease until September 17, 2003.

On February 29, 2000, counsel for Tierney, Douglas Woloshin, notified

---

[1] By Order entered on February 13, 2009, this Court granted Appellee Tierney permission to Supplement its Brief on Appeal [Docket No. 15].

Moses Lowe of its intent to terminate the Lease due to Moses Lowe's failure to pay the required annual minimum royalties to Tierney [Bankruptcy Docket No. 183, Attachment B]. The termination was to be effective twenty days following receipt of the notice.

On March 8, 2001, well after the twenty days had passed, Moses Lowe sent a letter to Mr. Woloshin seeking reinstatement of the Lease, along with a check for the overdue royalty. Mr. Woloshin sent the check back to Moses Lowe with a letter reaffirming Tierney's termination of the Lease.

Thereafter, on December 20, 2002, Leo Marcum, an attorney for JH Taylor, sent Tierney a check for the minium royalty. Mr. Woloshin sent the check back to Mr. Marcum, along with notice that his client, JH Taylor, was trespassing on its land as no lease exists between JH Taylor and Tierney.

On January 24, 2003, Mr. Marcum, again, sent a check to Tierney. It was, again, returned to him, along with a letter from Mr. Woloshin which disputes the existence of a sublease pertaining to the property.

Tierney received no further tendered payments from JH Taylor.

On August 29, 2006, JH Taylor filed for protection pursuant to Chapter 11 of the Bankruptcy Code.

Rudolph J. DiMassa entered a Notice of Appearance on behalf of Tierney

3

on July 5, 2007 [Bankruptcy Docket No. 165].

On August 7, 2007, JH Taylor filed an Emergency Motion[2] seeking entry of an order permitting it to assume its sublease with Moses Lowe [Bankruptcy Docket No. 169]. An Agreed Order was entered in this regard [Bankruptcy Docket No. 173]. According to Tierney, it did not receive notice of the motion[3].

The Bankruptcy Court sustained the motion, allowing the DIP to assume the sublease between JH Taylor and Moses Lowe [Bankruptcy Docket No. 174, 175]. Again, Tierney claims it did not receive notice of the order. Indeed, Tierney states that it was not until several days later that its counsel, while reviewing the docket, became aware of the motion and order.

On September 6, 2007, Tierney filed a Motion to Vacate the August 22, 2007 Order [Bankruptcy Docket No. 183]. In support of its Motion, Tierney argued that the DIP had failed to make the requisite royalty payments and

---

[2] Tierney makes much of the putative "emergency" nature of the motion, implying that JH Taylor was acting in bad faith by attempting to subvert Tierney's ability to respond to the motion. However, the record contains no evidence of bad faith on the part of JH Taylor in this regard.

[3] JH Taylor, on the other hand, attempts to cast Tierney in a dark light, implying that it did, in fact, receive electronic notice of these motions, but, presented to the Bankruptcy Court that it did not. However, JH Taylor has nothing but bald allegations in support of its claim.

This Court will not dwell upon these accusations as there is no definitive evidence in the record of such machinations on the part of either party.

4

otherwise comply with the terms of the sublease. In the alternative, Tierney argued that as the underling Lease had been terminated prior to JH Taylor's bankruptcy petition, there was no sublease to assume.

Following a flurry of filings, on April 16, 2008 Judge Scott entered an Order setting the matter for an Evidentiary Hearing on April 30, 2008 [Bankruptcy Docket No. 279]. The Order directed the parties to file their respective briefs by April 23, 2008.

Tierney filed its brief on April 23, 2008 [Bankruptcy Docket No. 280]. JH Taylor did not and Judge Scott entered an Order directing JH Taylor to Show Case why, given its failure to file a brief as directed by the Court, the Court should not grant Tierney's motion.

On April 28, 2008, JH Taylor filed a response, stating that it did not file a brief because, in its view, no questions of law were before the Court [Bankruptcy Docket No. 282].

Following the April 30, 2008 hearing, on May 5, 2008, Judge Scott entered an Order sustaining Tierney's Motion to Vacate the Order allowing the DIP to assume the coal lease with Moses Lowe [Bankruptcy Docket No. 290]. In his Order, Judge Scott specifically declined to make any findings regarding the Lease between Tierney and Lowe. Rather, he based his decision on the DIP's failure to

comply with the terms of the Lease, specifically, its failure to make the royalty payments. Thus, Judge Scott found that the DIP had failed to comply with the terms of 11 U.S.C. §365(b)[4].

JH Taylor filed a Motion to Reconsider [Bankruptcy Docket No. 292] arguing that either notice to Moses Lowe or an adversary proceeding was required in order determine title to the property subject to the Lease. The motion was overruled by Judge Scott by Order entered on May 21, 2008 [Bankruptcy Docket No. 300]. He reasoned that as he made no findings as to the Lease, no such proceeding was required.

In this action, JH Taylor appeals from the Bankruptcy Court's Order vacating the order allowing it to assume the sublease as well as its Order denying JH Taylor's Motion to Reconsider the same. Specifically, on appeal, JH Taylor argues that Tierney's Motion to Vacate was not timely filed and thus should not have been considered by the Bankruptcy Court. JH Taylor also asserts that Moses Lowe was not given an appropriate opportunity to be heard proceeding which

---

[4] 11 U.S.C. § 365 deals with executory contracts and unexpired leases. Section 365(b) provides that a trustee may not assume a lease upon which there has been a default unless the trustee (1) cures the default or provides adequate assurances that the default will be promptly cured; (2) compensates or provides adequate assurances that the trustee will compensate the other party for pecuniary losses resulting from the default; and (3) provides adequate assurance of future performance under the lease. 11 U.S.C. § 365(b). *See also* Collier on Bankruptcy, ¶ 365.05 (15th Edition Rev).

affected his rights. Finally, JH Taylor states that it is willing to provide a cure of the sub-lease and, thus can satisfy the requirements of 11 U.S.C. § 365.

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous. *See, In re 255 Park Plaza Assocs. Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996). "De novo review requires the [reviewer] to review questions of law independent of the bankruptcy court's determination." *First Union Mortgage Corp. v. Eubanks (In re Eubanks)*, 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998). "De novo means deciding the issue as if it had not been heard before." *Tedeschi v. Falvo (In re Falvo)*, 227 B.R. 662, 663 (B.A.P. 6th Cir. 1998). Whether proof of a claim is facially defective and, therefore, unentitled to a presumption of prima facie validity is a question of law subject to de novo review. *See, First National Bank v. Circle J Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299 (W.D. Ark. 1989).

However, inasmuch as the Bankruptcy Court's Order involves an interpretation of its own prior orders and acts, it is subject only to review for a clear abuse of discretion. *See Enodis Corp. v. Employers Ins. Of Wausau (In re Consolidated Industries Corp.)*, 360 F.3d 712, 716 (7th Cir. 2004).

## III. ANALYSIS

### A. Tierney's Motion to Vacate was timely filed.

JH Taylor first agues that Tierney's Motion to Vacate was not timely filed. JH Taylor contends that Fed.R.Civ.P. 59, as referenced by F.R.B.P. 9023 and F.E.B.P. 8002, requires that motions for appeal or to alter or amend a judgment be filed within 10 days after entry of the same.

Tierney contends that its motion was made pursuant to Fed.R.Civ.P. 60, as referenced by F.R.B.P. 9024, which requires that motions for relief from a judgement or order be made within a reasonable time.

Although the motion itself is silent as to either rule, the type of relief sought by Tierney and the circumstances surrounding the motion bring it within the purview of Rule 60. Tierney sought relief from an order entered by Judge Scott, not a final judgment.

With regard to the timeliness of the motion, Fed.R.Civ.P. 60 has no specific time limitation within which motions must be filed, but, rather, uses a "reasonableness" standard. What is deemed reasonable depends upon the facts and circumstances of each case. *See e.g., Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985).

8

Here, the reasonableness of the timing of Tierney's motion can hardly be disputed as it was filed a mere two days after the expiration of the 10-day limit set forth in Fed.R.Civ.P. 59 and so emphatically embraced by JH Taylor. In addition, the motion was filed just days after Tierney's counsel became aware of the order allowing JH Taylor to assume the sublease. This is not a case where a party tarried, with no legitimate reason, in seeking relief. It appears that Tierney filed its motion as soon as practicable.

Moreover, at the time it entered the order, the Bankruptcy Court was not aware that the Lease was in default and that, as such, its order ran afoul 11 U.S.C. § 365. Tierney contends that this is a reason which justified relief under Fed.R.Civ.P. 60(b)(6). The Court agrees.

**B.     The April 30, 2008 hearing was not convened in violation of Moses Lowe's' rights.**

JH Taylor contends that, somehow, the rights of Moses Lowe were violated by the April 30, 2008 hearing. It maintains that notice to Moses Lowe was necessary and, without it, the spectre of a due process violation has reared its head. The Court is not convinced. The record does not show that at any time prior to the April 30, 2008 hearing, JH Taylor asserted that notice to Moses Lowe of the proceeding was essential in order to safeguard his due process rights. Indeed, JH

9

Taylor chose to submit any arguments prior to the hearing because it felt that no questions of law were to be decided and that the resolution of Tierney's motion depended solely on the evidence proffered by Tierney [Bankruptcy Docket No. 282]. The first mention of this notion was at the April 30, 2008 hearing, in the form of an objection.

Most importantly, however, is that Judge Scott explicitly declined to determine, adjudicate or otherwise comment upon the property rights of Moses Lowe vis-a-vis the Lease. Thus, JH Taylor's contention that the Court cannot adjudicate the property rights of Moses Lowe without his presence fails.

**C.     JH Taylor has not adequately substantiated its claim that it can cure the default on the sub-lease.**

JH Taylor also maintains that is willing to provide a cure of the sub-lease and, thus satisfy the requirements of 11 U.S.C. § 365. However, JH Taylor has presented no evidence in support of this claim. Bald assertion is insufficient to show that Judge Scott clearly erred in finding that JH Taylor failed to satisfy the requirements of 11 U.S.C. § 365.

**D.     The Tierney / Lowe Lease was terminated pre-petition; thus there was no lease to assume.**

By Memorandum Opinion and Order dated February 2, 2009, Judge Scott

awarded Partial Summary Judgment to Tierney and found, as a matter of law, that the Lease was terminated as of March 26, 2000, over 6 years prior to JH Taylor's Chapter 11 petition [Docket No. 14, Exhibit A]. Thus, there was no lease for it to assume.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **AFFIRMS** the Bankruptcy Court. A separate judgment shall issue this day in conformity with the Court's Memorandum Opinion.

This March 25, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge